**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**

CIVIL ACTION NO. _____

In the Matter of:

ROBERT O. COLEY,

Plaintiff,

v.                                                         **COMPLAINT**

TRAWLER CATHERINE LANE, INC.

Defendant.

Plaintiff, ROBERT O. COLEY, (hereinafter "Plaintiff"), by and through counsel, complaining of Defendant, TRAWLER CATHERINE LANE, INC. (hereinafter "Defendant") alleges, and states as follow:

## Procedural Posture

1. Plaintiff filed a complaint against Defendant alleging similar facts as this Complaint on or about May 9, 2019, in Newport News, Virginia.

2. Defendant filed a motion to dismiss Plaintiff's Virginia state court complaint on August 7, 2019, for lack of personal jurisdiction.

3. On March 25, 2021, Plaintiff's initial complaint was dismissed without prejudice for Plaintiff to refile in an appropriate court.

4. The statute of limitations was tolled from commencement of the original action through the dismissal pursuant to Section 8.01-229€(1) of the *Code of Virginia*.

## Jurisdiction, Parties and Venue

5. This lawsuit arises under the Jones Act, 46 U.S.C. § 30104 and the General Maritime

Law of the United States. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. It arises out of the crewmember injury involving the United States documented TRAWLER CATHERINE LANE (hereinafter the "Vessel") caused during a commercial fishing voyage while the Vessel was operating on the navigable waters of the United States.

6. Plaintiff is a resident of Pamlico County, North Carolina, and was, at all times material hereto, a seaman under the Jones Act, 46 U.S.C. § 30104, employed by Defendant as a deckhand member of the crew in service of the Vessel.

7. Defendant is a North Carolina corporation with its principal place of business located at 1101 Highway 70 East, New Bern, North Carolina 28560.

8. Plaintiff is entitled to bring the action without prepayments of fees and costs pursuant to 28 U.S.C. § 1916.

## Facts

9. Plaintiff re-asserts and incorporates herein his prior allegations above as if fully set forth herein.

10. At all relevant times, Plaintiff was a seaman, employed by the Defendant, as deckhand onboard the Vessel.

11. Upon information and belief, the Defendant owned, maintained, and operated the Vessel.

12. Upon information and belief, the Vessel was equipped with two steel trawler doors on each side of the stern.

13. Upon information and belief, the doors were raised to bring the fishing nets onto the Vessel.

14. On or about April 23, 2018, at 2:00 a.m., Plaintiff attempted to secure the steel trawler door on the side of the Vessel by fastening various hooks and nets to secure the trawler

door in order to bring the fishing nets back onto the Vessel.

15. At or about the same time, the brake line failed, resulting in a significant swing of the trawler door that struck and crushed the Plaintiff's left hand against the side of the hull.

16. Plaintiff is predominately left-handed and injured his right hand years prior when a dog bit him. As a result of the dog bite, Plaintiff had a steel rod put in his right hand, which limits the use of his right hand.

17. Upon information and belief, both trawler doors on the Vessel were controlled by a pulley system located on the trawler's deck.

18. Upon information and belief, the pulley system included a brake line or rope which was controlled by a wench near the manual brake levers.

19. Upon information and belief, each trawler door was equipped with separate brakes and fastening systems to safely secure the position of the trawler doors when they were not in use.

20. At all relevant times, the brake and brake pads on the pulley system were defective causing the brake line to slip even after the brake lever was placed in a "secured" position.

21. At all relevant times, the Defendant knew or should have known that the pulley system required to raise the steel trawler doors was equipped with defective brakes, which caused the brake line to slip after it was purportedly secured because captains and other management level employees often use the system.

22. As a result, Plaintiff suffered serious and permanent personal injury.

23. At all relevant times, the Defendant knew or should have known that the safety of the Plaintiff and other deck hands depended on the appropriate staffing of the trawler.

24. At all relevant times, the Defendant knew or should have known that the Vessel was understaffed and undermanned presenting a danger to the crewmembers onboard.

25. At all relevant times, the Vessel was understaffed because it only had three crewmembers aboard when it was necessary that at least four crewmembers be aboard the Vessel to safely operate it.

26. The Vessel required (1) a crewmember to lift the right door to pull in the fishing nets, (2) a crewmember to lift the left door to pull in the nets, (3) a crewmember to watch the right door and operate the brake line in the event of an emergency and (4) a crewmember to watch the left door and operate brake line in the event of an emergency.

27. At all relevant times, Defendant knew or should have known that the braking system presented an unreasonably dangerous condition on the Vessel and proximately caused the Plaintiff's injuries.

## First Claim-Negligence under the Jones Act

28. Plaintiff re-asserts and reincorporates herein his allegations above as if fully set forth herein.

29. Plaintiff was employed by Trawler Catherine Lane, Inc. as a deckhand and a seaman as identified in the Jones Act, 46 U.S.C. § 30104.

30. At all relevant times, Trawler Catherine Lane, Inc. owed Plaintiff a duty of reasonable care with respect to Plaintiff's safety.

31. Defendant by and through its agents, servants, and/or employees, breached its duty of reasonable care and was negligent for the following reasons:

    a. Defendant failed to provide Plaintiff with a safe place in which to work;

    b. Defendant failed to adequately inspect and ensure the proper operation of the Vessel,

its appurtenances and equipment so as to eliminate the risk of injuries to its employees;

c. Defendant failed to adequately warn Plaintiff of the dangerous, unsafe, and unseaworthy condition of the Vessel.

d. Defendant failed to provide adequate and safety equipment and vessel appurtenances;

e. Defendant knew or should have known that the brakes for the pulley system were faulty and posed a danger to crew members fastening and securing the trawler door;

f. Despite its knowledge of the dangers posed by the brake for the pulley system on the Vessel, Defendant did nothing to correct the problem before Plaintiff's accident;

g. Defendant negligently operated and maintained the pulley system and brakes; and,

h. Defendant's vessel was understaffed and undermanned because it only had three crewmembers aboard, when it was necessary that at least four crewmembers be aboard the Vessel to safely operate it.

i. Other particulars to be shown at the trial of this case.

32. As a direct and proximate result of the above events, Plaintiff:

a. received trauma injuries, pain, suffering, anxiety, deformity, mental anguish, and emotional distress and will continue to do so in the foreseeable future;

b. incurred physical expenses and medical bills and will continue to in the foreseeable future;

c. suffered substantial loss of wages and wage earning capacity due to the injury and will continue to do so in the foreseeable future; and

d. suffered a loss of ability to earn wages to support himself and his family.

33. Plaintiff's injuries were through no fault, negligence, or carelessness on his part and were wholly caused by the negligence of the Defendant, by and through its agents, servants and/or employees.

### Claim II- Unseaworthiness

34. Plaintiff re-asserts and reincorporates herein his allegations above as if fully set forth herein.

35. Trawler Catherine Lane Inc., as owners, operators and managers of the Vessel, owed a duty to Plaintiff to provide him with a vessel that was in all respects seaworthy, staunch, and fit for its intended purpose.

36. The unseaworthiness of the Vessel, included but was not limited to, an inadequate crew, an inadequately manned vessel, an inadequately trained crew, an inadequately informed crew, inadequate equipment, inadequate trawler doors, inadequate brake lines, inadequate brake pads, inadequate maintenance and repair.

37. As a direct and proximate result of the negligence of Defendant and their breaches of the warranty of seaworthiness as hereinabove alleges and as may be shown at the trial of this cause, the Plaintiff:

   a. received traumatic injuries, pain, suffering, anxiety, inconvenience, humiliation, deformity, mental anguish and emotion distress and will continue to do so in the future;

   b. incurred medical bills and will continue to incur medical bills for injuries he suffered in the past and will suffer in the future;

   c. suffered a substantial loss of wages and wage earning capacity due to the injury and will continue to do so in the future;

d. suffered a loss of ability to earn wages to support himself and his family; and

e. incurred physician and medical expenses and will continue to do so in the future.

38. Thus, Defendant failed to provide a safe and seaworthy vessel and Plaintiff suffered serious harm and permanent injury as a result.

## Claim III- Maintenance and Cure

39. Plaintiff re-asserts and reincorporates herein his allegations above as if fully set forth herein.

40. Plaintiff was injured while serving as an employee, a seaman, on Defendant's vessel.

41. Pursuant to general maritime law, Plaintiff is entitled to collect, and Defendant is obligated to pay Plaintiff reasonable maintenance and cure for the period of Plaintiff's disability.

42. Defendant has not paid reasonable maintenance and cure for the period of Plaintiff's disability.

43. Defendant willfully and intentionally refused to pay for the necessary orthopedic care arising out of the accident, which is the subject of this action.


WHEREFORE, Plaintiff prays as follows:

1. For judgment and award against the Defendant;

2. For the sum of $500,000, with prejudgment and post judgment interest, together with costs and attorneys' fees as the Court may deem just and proper;

3. For maintenance and cure from the time of his injury until maximum medical cure in an amount which is just and proper; and

4. For a trial by jury pursuant to 46 U.S.C § 30104.

This the 29th day of June, 2022.

**THE HUMPHRIES LAW FIRM, P.C.**

/s/ Justin K. Humphries

Justin K. Humphries
*Attorney for Plaintiff*
State Bar # 36833
1904 Eastwood Rd, Suite 310A
Wilmington, NC 28403
910-332-0721 (phone)
888-290-7817 (fax)
justin@humphriesfirm.law

## VERIFICATION and DECLARATION (28 USC § 1746)

I, Robert O. Coley, declare under the penalty of perjury the following:

I have read the foregoing **COMPLAINT OF ROBERT O. COLEY** and know the contents thereof. The facts alleged in the foregoing **COMPLAINT OF ROBERT O. COLEY** are true and correct to the best of my knowledge except those things alleged on information and belief, and as to them, I believe them to be true.

_____ (SEAL)
Robert O. Coley

Date: 6/14/22